1  **WO**                                                          TCK

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9  Ernie Ortega,                          )    No. CV 05-2736-PHX-MHM (JCG)
                                           )
10              Plaintiff,                 )    **ORDER**
                                           )
11  vs.                                    )
                                           )
12  Joseph Arpaio, et al.,                 )
                                           )
13              Defendants.                )
   _____)

14

15         Plaintiff Ernie Ortega, confined in the Maricopa County Jail Complex in Phoenix,

16  Arizona, has filed a *pro se* civil rights Amended Complaint pursuant to 42 U.S.C. § 1983.

17  The Court will dismiss the Amended Complaint with leave to amend.

    **I.  Application to Proceed *In Forma Pauperis* and Filing Fee**
18
           Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.
19
    § 1915(a).  Plaintiff must pay the statutory filing fee of $250.  The Court will assess no initial
20
    partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in
21
    payments of 20% of the previous month's income each time the amount in the account
22
    exceeds $10.00. 28 U.S.C. § 1915(b)(2).  The Court will enter a separate order requiring the
23
    appropriate government agency to collect the fees according to the statutory formula.
24
    **II.  Statutory Screening of Prisoner Complaints**
25
           The Court is required to screen complaints brought by prisoners seeking relief against
26
    a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
27
    § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised
28

**JDDL-K**

1  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
2  be granted, or that seek monetary relief from a defendant who is immune from such relief.
3  28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured by the
4  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
5  before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
6  (*en banc*).  The Court is required to grant leave to amend "if a complaint can possibly be
7  saved" but not if a complaint "lacks merit entirely."  Id. at 1129.  The Court therefore should
8  grant leave to amend if the pleading could be cured by the allegation of other facts or if it
9  appears at all possible that the defect can be corrected.  Id. at 1130.

10  The Court should not, however, advise the litigant how to cure the defects.  This type
11  of advice "would undermine the district judges' role as impartial decisionmakers."  Pliler v.
12  Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide
13  whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint
14  will be dismissed for failure to state a claim, with leave to amend because the Complaint may
15  possibly be saved by amendment.

## III.  Background

17  Plaintiff filed his Complaint on September 8, 2005.  Shortly thereafter, Plaintiff filed
18  an Amended Complaint (Doc. #3). On August 8, 2006, Plaintiff submitted a Motion To
19  Amend/Correct Complaint and a proposed Amended Complaint (Doc. #140), which was
20  lodged by the Clerk of the Court.  Plaintiff has filed five separate motions to supplement his
21  Amended Complaints (Doc. #11, #21, # 33, #94 and #139).  Each of these motions contain
22  additional claims and or evidence which Plaintiff requests that the Court consider as
23  amendments to his Amended Complaints.

## IV.  Proposed Amended Complaint

25  An amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963
26  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
27  1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as
28  nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

1  complaint is waived if it is not raised in a first amended complaint. <u>King v. Atiyeh</u>, 814 F.2d

2  565, 567 (9th Cir. 1987).  Accordingly, Plaintiff's Amended Complaint supercedes  the

3  original.  It is clear, however, that Plaintiff intends to include additional claims to this

4  Complaint, as evidenced by the submission of a proposed lodged Second Amended

5  Complaint and numerous motions Plaintiff has filed to supplement his Amended Complaint.

6  The Court also notes that a large portion of the Amended complaint is illegible and therefore,

7  even assuming Plaintiff had included all claims, the Court would be unable to screen the

8  Amended Complaint.

9  **V.  Leave to Amend**

10       Accordingly, the Court will grant Plaintiff an opportunity to amend his Amended

11  Complaint to include all of  his claims in a Second Amended Complaint on the court-

12  approved form. The Clerk of the Court will be directed to provide to Plaintiff a court-

13  approved form for filing an Amended Complaint. **Plaintiff may not incorporate claims or**

14  **parties to his Amended Complaint by reference nor may he submit claims in the context**

15  **of motions to amend.  Plaintiff must include all claims on the court-approved form.**

16  **Moreover, any Amended Complaint submitted by Plaintiff shall be legible. The Clerk**

17  **of the Court will be directed to strike any documents submitted which are not legible.**

18       Within 30 days, Plaintiff may submit an amended complaint, in compliance with the

19  directives set forth in this order.  The Clerk of Court will mail Plaintiff a court-approved form

20  to use for filing an amended complaint. **If Plaintiff fails to use the court-approved form**

21  **as directed on the instructions provided with the form, the Court may strike the**

22  **Amended Complaint and dismiss this action without further notice to Plaintiff**.

23  **Plaintiff should also note the page limitations set forth on the court-approved form.**

24       Plaintiff must clearly designate on the face of the document that the document is a

25  Second Amended Complaint.  The amended complaint must be retyped or rewritten in its

26  entirety on the court-approved form and may not incorporate any part of the original

27  Complaint by reference.  Plaintiff may include only one claim per count.

28

JDDL-K                                                    - 3 -

1       Plaintiff should also note that he is required to comply with the Local Rules of

2  Practice in filing his pleadings and motions.  The Local Rules include page limits, copy

3  requirements, and directions regarding allowable attachments to pleadings, motions, and

4  memoranda of points and authorities, with which Plaintiff has consistently failed to comply.

5       Additionally, Plaintiff is advised that all pleadings he submits must be legible.  Many

6  of Plaintiff's pleadings and motions, including the Amended Complaint, are wholly or

7  partially illegible. Hereinafter, the Clerk of the Court will be directed to STRIKE any

8  documents submitted by Plaintiff which are not legible.

9  **VI. Compliance With Rules of Practice**

10      Local Rules of Civil Procedure, Rule 3.5(a), requires that all complaints by prisoners

11 be in accordance with the instructions provided in the court-approved civil rights complaint

12 form.  Specifically, the instructions provide that plaintiff **"MAY ALLEGE THE**

13 **VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT."**  <u>See</u>

14 Information and Instructions for a Prisoner Filing Civil Rights Complaint in the United States

15 District Court for the District of Arizona Form, at  4 (emphasis in original).  Accordingly,

16 in any Amended Complaint, Plaintiff is advised that he may allege only one civil rights

17 violation per count.  If Plaintiff alleges more than three counts, Plaintiff must provide the

18 necessary information about each additional count on separate pages.

19      Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a

20 short and plain statement of the claim showing that the pleader is entitled to relief."  Rule

21 8(e)(1) of the Federal Rules of Civil Procedure states that "[e]ach averment of a pleading

22 shall be simple, concise, and direct." A complaint having the factual elements of a cause of

23 action present but scattered throughout the Complaint and not organized into a "short and

24 plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a) of the Federal

25 Rules of Civil Procedure.  <u>McHenry v. Renne</u>, 84 F.3d 1172 (9th Cir. 1996).

26

27

28

JDDL-K

1

2    In his Amended Complaint, the factual allegations must contain the following: (1) the

3    constitutional right Plaintiff believes was violated; (2) the name of the Defendant who

4    violated that right; (3) exactly what that Defendant did or failed to do; (4) how the action or

5    inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and

6    (5) what specific injury Plaintiff suffered because of that Defendant's conduct. See Rizzo

7    v. Goode, 423 U.S. 362, 371-72, 377 (1976).

8    **VII. Pending Motions**

9    To date, Plaintiff has filed more than 138 motions in this case. Plaintiff has attempted

10   to file pleadings and motions, many of which have no apparent relevance to the claims

11   asserted in this case. Several of the motions are incomprehensible. Many of the motions are

12   duplicative. Additionally, many of the motions are requests for discovery, which are

13   premature. The hundreds of pages of documents Plaintiff has submitted present an

14   overwhelming burden to the Clerk of the Court, and divert limited judicial resources from

15   cases in which the litigants are prosecuting their actions in good faith. **Accordingly, all of**

16   **the pending motions filed to date in this action will be denied without prejudice.**

17   **The Court will not consider any additional motions filed by Plaintiff until after**

18   **the Court has screened his Amended Complaint. The Court requires Plaintiff's**

19   **immediate good faith compliance with the applicable rules of procedure, and expects**

20   **Plaintiff to comport himself professionally. Failure to do so in the future will be**

21   **considered evidence of deliberate and willful intent, and will result in the imposition of**

22   **appropriate sanctions. If Plaintiff's motions practice persists, with the exception of an**

23   **instance where he is subject to immediate and irreparable harm, such sanctions will**

24   **include dismissal of Plaintiff's cause of action.**

25   **VIII. Warnings**

26   **A. Release**

27   Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

28   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

1  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

2  in dismissal.

3  **B. Address Changes**

4  Plaintiff must file and serve a notice of a change of address 10 days before the move

5  is effective, if practicable.  See LRCiv 83.3(d).  Plaintiff must not include a motion for other

6  relief with a notice of change of address.  Failure to comply may result in dismissal.

7  **C. Copies**

8  Plaintiff must submit an additional copy of every document that he files for use by the

9  Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without

10  further notice to Plaintiff.

11  **D. Possible "Strike"**

12  Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

13  to file an amended complaint correcting the deficiencies identified in this Order, the

14  dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

15  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

16  judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

17  occasions, while incarcerated or detained in any facility, brought an action or appeal in a

18  court of the United States that was dismissed on the grounds that it is frivolous, malicious,

19  or fails to state a claim upon which relief may be granted, unless the prisoner is under

20  imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

21  **E. Possible Dismissal**

22  Plaintiff is warned that failure to timely comply with every provision of this Order,

23  including these warnings, may result in dismissal of this action without further notice.  See

24  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an

25  action for failure to comply with any order of the Court).

26  **IT IS ORDERED:**

27  (1)  Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint,

28  is **granted**.

1      (2) As required by the accompanying order to the appropriate government agency,

2   Plaintiff must pay the $250 filing fee and is assessed no initial partial filing fee.

3      (3) That **ALL PENDING MOTIONS FILED TO DATE IN THIS ACTION ARE**

4   **DENIED WITHOUT PREJUDICE**;

5      (4) The Amended Complaint is **dismissed** with leave to amend.  Plaintiff has **30 days**

6   from the date this Order is filed to file an amended complaint on the court-approved form in

7   compliance with this Order.

8      (5)  If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court

9   must, without further notice, enter a judgment of dismissal of this action with prejudice that

10   states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

11      (6)  The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

12   rights complaint by a prisoner.

13      DATED this 15th day of August, 2006.

14

15

16

17                                Mary H. Murguia

                                 United States District Judge

18

19

20

21

22

23

24

25

26

27

28

**INFORMATION AND INSTRUCTIONS FOR A**
**PRISONER FILING CIVIL RIGHTS COMPLAINT**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

## I.  General Information About the Civil Rights Complaint Form:

A.  The Form.   The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B.  Your Signature.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  The Filing Fee.  You must pay the $250.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  Court Divisions.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court. See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |

401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona  85003-2119                Tucson, Arizona  85701-5010

E. <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this ___ day of____(month)____, (year) , to:
Name:  _____
Address:_____
    Attorney for Defendant(s)/Respondent(s)


_____
(Signature)

F. <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G. <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H. <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

2

amended complaint are considered dismissed.

J. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II. <u>Completing the Civil Rights Complaint Form:</u>

**HEADING:**

1. <u>Your Name</u>.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2. <u>Defendants</u>.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1. <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2. <u>Plaintiff</u>.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary

information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

## Part C.  CAUSE OF ACTION:

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

## Part D.  REQUEST FOR RELIEF:

Print the relief you are seeking in the space provided.

## SIGNATURE:

You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ , )
                                    )
(Full Name of Plaintiff)      Plaintiff,     )
                                    )
                        vs.         )   CASE NO. _____
                                    )        (To be supplied by the Clerk)
_____ , )
                                    )
_____ , )
                                    )       **CIVIL RIGHTS COMPLAINT**
_____ , )           **BY A PRISONER**
                                    )
_____ , )    ☐ Original Complaint
(Full Name of Each Defendant)  Defendant(s).  )  ☐ First Amended Complaint
                                    )    ☐ Second Amended Complaint
_____ )

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    a.  ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
    b.  ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    c.  ☐ Other:  (Please specify.) _____.

2.  Name of Plaintiff: _____.
    Present mailing address: _____.
    **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: _____.

**550/555**

3.  Name of first Defendant: _____.  The first Defendant is employed as:
    _____at_____.
    <span style="text-align:center">(Position and Title)</span>                                    <span style="text-align:center">(Institution)</span>

    The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the first Defendant was acting under color of law: _____
    _____.

4.  Name of second Defendant: _____.  The second Defendant is employed as:
    _____at_____.
    <span style="text-align:center">(Position and Title)</span>                                    <span style="text-align:center">(Institution)</span>

    The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the second Defendant was acting under color of law: _____
    _____.

5.  Name of third Defendant: _____.  The third Defendant is employed as:
    _____at_____.
    <span style="text-align:center">(Position and Title)</span>                                    <span style="text-align:center">(Institution)</span>

    The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the third Defendant was acting under color of law: _____
    _____.

6.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
    _____at_____.
    <span style="text-align:center">(Position and Title)</span>                                    <span style="text-align:center">(Institution)</span>

    The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the fourth Defendant was acting under color of law: _____
    _____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____.  Describe the previous lawsuits in the spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

    b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.
    c.  Case or docket number: _____.
    d.  Claims raised: _____
_____
_____
    e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.
    f.  Approximate date lawsuit was filed: _____.
    g.  Approximate date of disposition: _____.

4.  Second prior lawsuit:
    a.  Parties to previous lawsuit:
       Plaintiff: _____.
       Defendants: _____
_____.
    b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.
    c.  Case or docket number: _____.
    d.  Claims raised: _____
_____
_____.
    e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.
    f.  Approximate date lawsuit was filed: _____.
    g.  Approximate date of disposition: _____.

5.  Third prior lawsuit:
    a.  Parties to previous lawsuit:
       Plaintiff: _____.
       Defendants: _____
_____.
    b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.
    c.  Case or docket number: _____.
    d.  Claims raised: _____
_____
_____.
    e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.
    f.  Approximate date lawsuit was filed: _____.
    g.  Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C.  CAUSE OF ACTION

### COUNT I

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):  _____

_____

_____.

2.    Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)          ☐ Mail          ☐ Access to the court          ☐ Medical care

☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation

☐ Excessive force by an officer          ☐ Threat to safety          ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal authority or arguments).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____

_____

_____.

5.    **Administrative Remedies:**

a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?          ☐ Yes          ☐ No

b.    Did you submit a request for administrative relief on Count I?          ☐ Yes          ☐ No

c.    Did you appeal your request for relief on Count I to the highest level?          ☐ Yes          ☐ No

d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not. _____

_____.

## COUNT II

1.   The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.   Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)        ☐ Mail            ☐ Access to the court       ☐ Medical care
        ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion      ☐ Retaliation
        ☐ Excessive force by an officer  ☐ Threat to safety    ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                    ☐ Yes       ☐ No
     b.   Did you submit a request for administrative relief on Count II?        ☐ Yes       ☐ No
     c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.  _____
          _____.

## COUNT III

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)          ☐ Mail              ☐ Access to the court        ☐ Medical care
     ☐ Disciplinary proceedings     ☐ Property          ☐ Exercise of religion       ☐ Retaliation
     ☐ Excessive force by an officer ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                      ☐ Yes     ☐ No
     b.   Did you submit a request for administrative relief on Count III?        ☐ Yes     ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level? ☐ Yes   ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.  _____
          _____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                                DATE                                                SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more
than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.