**WO**                                                                TCK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Ernie Ortega,                          )     No. CV 05-2736-PHX-MHM (JCG)
                                       )
            Plaintiff,                 )     **ORDER**
                                       )
vs.                                    )
                                       )
Joseph Arpaio, et al.,                 )
                                       )
            Defendants.                )
_____)

**I. Background**

       Plaintiff Ernie Ortega, confined in the Maricopa County Jail Complex in Phoenix, Arizona, has filed a *pro se* civil rights Second Amended Complaint pursuant to 42 U.S.C. § 1983. By order of the Court filed on August 17, 2006 (Doc. #141), the Amended Complaint was dismissed with leave to amend. On September 14, 2006, Plaintiff filed a Second Amended Complaint (Doc. #147).

**II. Statutory Screening of Prisoner Complaints**

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before

JDDL-K

1   dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en*
2   *banc*).  The Court is required to grant leave to amend "if a complaint can possibly be saved"
3   but not if a complaint "lacks merit entirely."  Id. at 1129.  The Court therefore should grant
4   leave to amend if the pleading could be cured by the allegation of other facts or if it appears
5   at all possible that the defect can be corrected.  Id. at 1130.

6   The Court should not, however, advise the litigant how to cure the defects.  This type
7   of advice "would undermine the district judges' role as impartial decisionmakers."  Pliler v.
8   Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide
9   whether the court was required to inform a litigant of deficiencies).  Plaintiff's Amended
10  Complaint will be dismissed for failure to state a claim, with leave to amend, because the
11  Complaint may possibly be saved by amendment.

12  **III.  Second Amended Complaint**

13  An amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963
14  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
15  1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as
16  nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original
17  complaint is waived if it is not raised in an amended complaint.  King v. Atiyeh, 814 F.2d
18  565, 567 (9th Cir. 1987).

19  In the Second Amended Complaint, Plaintiff alleges, inter alia, the following claims
20  for relief: **(Count 1) Denial of Access the Courts and Legal Mail**.  Plaintiff alleges that
21  Defendants sent back his legal mail at least 13 times.  **(Count 2) Denial of Access to the**
22  **Courts**.  Plaintiff alleges that Inmate Legal Services denied him access to the Courts by their
23  failure to provide legal advice, failure to provide forms in a timely manner and delayed time
24  for filing documents.  **(Count 3) Grievance System**.  Plaintiff alleges that Defendants have
25  "delayed, hampered, withheld/lost and tampered with grievances of important issues and
26  have lied and have forced the petitioner to sign resolved when in fact issues were never
27  resolved" (Amend. Compl. at 6).  Plaintiff alleges that he filed over 177 grievances in one
28  year and only a few have been resolved. Plaintiff further alleges that "in violation of Hart v.

1   Hill the defendants have created an ancillary level which does not allow external grievances

2   to go external" Id.  **(Count 4)  Foods Industry Conspiracy**.  Plaintiff asserts that a food

3   conspiracy exists at the jail to cut the calories of inmates from 2900 to 2500 calories per day

4   to cause hunger amongst inmates, which will result in higher expenditures of money spent

5   by inmates at the canteen. Plaintiff further alleges that he is fed "sub-par" food (Amend.

6   Compl at 7).  Plaintiff also alleges that cooking oil is added to the peanut butter to give it the

7   consistency of pudding to promote high blood pressure.  Plaintiff contends that the oil causes

8   the nitrates to break down, causing cancer.  Id. **(Count 5) Property.**  Plaintiff alleges that

9   when he was transferred from the Department of Corrections to the Maricopa County Jail,

10  Defendants lost documents contained in his legal boxes. **(Count 6)  Retaliation.**  Plaintiff

11  contends that Defendants deliberately and without significant or adequate cause, intentionally

12  and willfully with ill-intent retaliated against him at various times throughout the year.

13  Plaintiff contends that Defendants limit his ability to access the grievance system.  Plaintiff

14  further alleges that Defendants fail to take his claims seriously **(Count 7) Exercise of**

15  **Religion**.  Plaintiff alleges that he has requested Native American clergy visits and instead

16  he received "Rez Connections, a Christian ministration group bent on converting Native

17  Americans to Christianity" (Amend. Compl. at 10).  Plaintiff also contends that Native

18  American religion is restricted at the jail and that Defendants do not have Native American

19  Clergy. Plaintiff contends that he has been denied access to the Native American religion in

20  many respects.  **(Count 8) Retaliation**.  Plaintiff alleges that he was placed in an unsanitary

21  cell without the opportunity to sanitize the cell.  Plaintiff contends that Defendants are

22  "maliciously, willingly with ill intent placing the Petitioner in feces and mucus covered cells

23  and not allowing me to clean/sanitize cell for as long as (3) days" (Amend Compl. at 11).

24  **(Count 9): Retaliation**.  Plaintiff alleges that he was maliciously moved from closed custody

25  level to special management unit under a false disciplinary report. Plaintiff alleges that he

26  was strip-searched, given "the loaf" diet and was restricted from day-room access for seven

27  days.  Plaintiff contends that this move is a "malicious and ill willed attack by the

28  defendants" (Amend. Compl. at 12).  **(Count 10): Retaliation**.  Plaintiff alleges that for the

1   past 18 months, Defendants have maliciously conducted searches of his cell and legal

2   mail/evidence has been removed.  Named as Defendants are: Joseph Arpaio; Ralph Mangan;

3   Lt. Nunez; and John Does.

4   **IV.  Failure to State a Claim**

5           To state a valid claim under § 1983, Plaintiff must allege that he suffered a specific

6   injury as a result of the specific conduct of a defendant, and show an affirmative link between

7   the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377, 96

8   S. Ct. 598, 604-05, 607, 46 L. Ed. 2d 561, 569-70, 573 (1976).  To state a claim against a

9   state official, the civil rights complainant must allege that the official personally participated

10  in the constitutional deprivation or that a state supervisory official was aware of widespread

11  abuses and with deliberate indifference to the inmate's constitutional rights, failed to take

12  action to prevent further misconduct.  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); See

13  Monell v. New York City Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018,

14  2036, 56 L.Ed.2d 611 (1978).

15          Plaintiff makes no such allegation against any of the named Defendants and therefore,

16  fails to demonstrate the link between Defendant's conduct and the injury allegedly suffered

17  by Plaintiff. Accordingly, the Second Amended Complaint must be dismissed for failure to

18  state a claim. **Plaintiff will be provided with one final opportunity to file an Amended**

19  **Complaint**.

20          For each claim Plaintiff alleges in his Third Amended Complaint, he must state the

21  following: (1) the constitutional right which he believes was violated; (2) the individual

22  Defendant whose conduct violated that right; (3)  the specific conduct which violated the

23  right; and (4) the connection between the Defendant's conduct and a specific injury Plaintiff

24  suffered as a result of the conduct.   Rizzo v. Goode, 423 U.S. 362, 371-72, 377, 96 S. Ct.

25  598, 604-05, 607, 46 L. Ed. 2d 561, 569-70, 573 (1976). In addition, Plaintiff must provide

26  specific facts including dates, time and location of events to support each of his claims.

27          **If Plaintiff fails in his Amended Complaint to affirmatively link the conduct of**

28  **each named Defendant with a specific injury suffered by Plaintiff, the claim against that**

**Defendant will be dismissed for failure to state a claim. Conclusory or vague allegations that a Defendant or group of Defendants have violated a constitutional right do not state a claim, and will be dismissed.  Further, in amending his Complaint,  Plaintiff must comply with the specific directions provided by the Court in its discussion of the elements of each of his individual claims.**

**V.  Access To The Courts Claim**

The right of meaningful access to the courts prohibits state officials from actively interfering with inmates' attempts to prepare or file legal documents.  Lewis v. Casey, 518 U.S. 343, 350 (1996).  The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court.  Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.")  The right "guarantees no particular methodology but rather, the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  Lewis, 518 U.S. at 356.

As a matter of standing, for an access to courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation; the plaintiff must demonstrate that the conduct of the defendants prevented him from bringing to court a nonfrivolous claim that he wished to present.  Lewis, 518 U.S. at 351-53.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim."  Id. at 348.

In any Amended Complaint, Plaintiff must allege an "actual injury" pursuant to Casey.

**VI.  Access To Grievance Procedure**

Plaintiff asserts that he was denied access to courts by the refusal to allow him to use the jail's grievance system.  An inmate has no free-standing constitutional right to a grievance process.  In Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898 (1988), the Ninth Circuit held that a prisoner does not have a protected liberty

interest in prison grievance procedures.  Other circuits have held similarly.  <u>See</u> <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430 (7th Cir.1996); <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994), <u>cert. denied</u>, 510 U.S. 1022 (1995); <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991).

An inmate states a constitutional claim where, for example, the denial of a grievance is in retaliation for the exercise of a constitutionally-protected right.  For example, the Ninth Circuit has held that a prisoner may not be penalized for the contents of a grievance, <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995), nor may a prisoner be labeled a "snitch" in retaliation for filing grievances, <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138 (9th Cir.1989).  The denial of a grievance may also give rise to concerns regarding an inmate's right of access to the courts.  <u>See</u> <u>Bradley</u>, 64 F.3d at 1279.

At this juncture, Plaintiff's bare allegation that he was denied proper use of the grievance system, coupled with the fact that Plaintiff has failed to allege how specific Defendants caused the alleged violation, fails to rise to the constitutional level.

**VII.  Legal Mail**

Prisoners have a constitutional right to have their legal mail delivered to them uncensored and unread.  <u>Lemon v. Dugger</u>, 931 F.2d 1465 (11th Cir. 1991). However, a single instance of inadvertent opening of legal mail outside an inmate's presence, while not to be condoned, is not actionable as a constitutional violation.  <u>Stevenson v. Koskey</u>, 877 F.2d 1435, 1441 (9th Cir. 1989); <u>Bieregu v. Reno</u>, 59 F.3d 1445, 1451-52 (3d Cir. 1995) (same); <u>Smith v. Maschner</u>, 899 F.2d 940, 944 (10th Cir. 1990) (an isolated incident of opening prisoner's constitutionally protected legal mail, without any evidence of improper motive or resulting interference with the prisoner's right to counsel or to access to the courts not give rise to a constitutional violation. "Mail from the courts, in contrast to mail from a prisoner's lawyer is not legal mail."  <u>Keenan v. Hall</u>, 83 F.3d 1083, 1094 (9th Cir. 1996).

In any Amended Complaint, Plaintiff must allege specific instances wherein he was denied legal mail and the name of the Defendant who caused the alleged violation.

**VIII.  Retaliation**

1    Prisoners have a constitutionally-protected right to file grievances and to pursue civil

2    rights litigation without retaliation.  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).

3    See also Hines, 108 F.3d at 267 (prisoner may not be retaliated against for use of grievance

4    system); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (prisoner may not be penalized

5    for exercising the right of redress of grievances).

6    A viable claim of First Amendment retaliation contains five basic elements: (1) an

7    assertion that a state actor took some adverse action against an inmate (2) because of (3) that

8    prisoner's protected conduct and that such action (4) chilled the inmate's exercise of his First

9    Amendment rights (or that the inmate suffered more than minimal harm) and (5) was not

10   narrowly tailored to advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d

11   559, 567-58 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997)

12   (retaliation claims requires an inmate must show (1) that the prison official acted in

13   retaliation for the exercise of a constitutionally-protected right, and (2) that the action

14   "advanced no legitimate penological interest"), cert. denied, 524 U.S. 936 (1998).

15   In any Amended Complaint, Plaintiff must assert the essential elements of a retaliation

16   claim and name each of the Defendants who caused the allege violation.  Plaintiff must

17   provide specific facts to support his allegations.

18   **IX.   Religion**

19   The First Amendment provides in relevant part that the government shall not prohibit

20   the free exercise of religion.  U.S. Constitution, Amend. I.  Nevertheless, free exercise rights

21   are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve

22   legitimate correctional goals or to maintain prison security."  O'Lone v. Shabazz, 482 U.S.

23   342, 348 (1987).  Thus, to prevail on a free exercise claim, an inmate must show that a

24   defendant burdened the practice of his religion by preventing him from engaging in conduct

25   mandated by his faith without any justification reasonably related to legitimate penological

26   interests.  Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997); cf. Coronel v. Paul, 316 F.

27   Supp.2d 868, 879 (D. Ariz. 2004) (holding that under RLUIPA, it is whether a practice is

28   important to the prisoner and motivated by sincere religious belief rather than whether the

1   practice is "mandated" by the faith that is determinative).  To determine whether a policy or

2   procedure that impinges on constitutional rights is reasonably related to legitimate

3   penological interests, a court must analyze whether (1) a valid, rational connection between

4   the policy or procedure and legitimate governmental interests exists; (2) alternative means

5   of exercising the right by the inmate remain open; (3) accommodation of the inmate's right

6   will adversely impact staff, other inmates, or the allocation of prison resources; and (4) ready

7   alternatives to the policy or procedures exist. Turner v. Safley, 482 U.S. 78, 90 (1987);

8   Henderson v. Terhune, 379 F.3d 709, 714 (9th Cir. 2004); Clement v. California Dep't of

9   Corr., 364 F. 3d 1148, (9th Cir. 2004).

10       Prison resources are finite and that not every religion can be, or must be, identically

11   accommodated.  See Cruz v. Beto, 405 U.S. 319, 322 (1972); Allen v. Toombs, 827 F.2d

12   563, 568-69 (9th Cir. 1987).  Thus, in the prison context, a "place of worship need not be

13   provided for every faith regardless of size; nor must a chaplain, priest, or minister be

14   provided without regard to the extent of the demand." Cruz v. Beto, 405 U.S. 319, 322 n.

15   2 (1972); Ward v. Walsh, 1 F.3d 873, 880 (9th Cir. 1993).  Instead, prisons must afford

16   inmates "reasonable opportunities" to exercise their religion. Cruz, 405 U.S. at 322.  That

17   is, "[p]risons need not provide identical facilities or personnel to different faiths, but must

18   make 'good faith accommodation of the [prisoners'] rights in light of practical

19   considerations.'" Freeman, 125 F.3d at 737 (quoting Toombs, 827 F.2d at 569) (internal

20   citation omitted and modification in original).

21       In any Amended Complaint Plaintiff must allege that specific Defendants burdened

22   the practice of his religion by preventing him from engaging in conduct mandated by his faith

23   without any justification reasonably related to legitimate penological interests and the

24   specific Defendants who caused the alleged violations.

25   **X.  Leave to Amend**

26       For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

27   a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a third

28   amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

1 Plaintiff a court-approved form to use.  If Plaintiff fails to use the court-approved form, the
2 Court may strike the Amended Complaint and dismiss this action without further notice to
3 Plaintiff.

4      Plaintiff must clearly designate on the face of the document that it is the "Third
5 Amended Complaint." The third amended complaint must be retyped or rewritten in its
6 entirety on the court-approved form and may not incorporate any part of the original
7 Complaint by reference.  Plaintiff may include only one claim per count.

8      A third amended complaint supersedes the second complaint. <u>Ferdik v. Bonzelet</u>, 963
9 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542,
10 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as
11 nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original
12 complaint is waived if it is not raised in a first amended complaint. <u>King v. Atiyeh</u>, 814 F.2d
13 565, 567 (9th Cir. 1987).

14 **XI.  Warnings**

15     **A.  Release**

16      Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
17 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
18 the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
19 in dismissal.

20     **B.  Address Changes**

21      Plaintiff must file and serve a notice of a change of address 10 days before the move
22 is effective, if practicable.  <u>See</u> LRCiv 83.3(d).  Plaintiff must not include a motion for other
23 relief with a notice of change of address.  Failure to comply may result in dismissal.

24     **C.  Copies**

25      Plaintiff must submit an additional copy of every document that he files for use by the
26 Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without
27 further notice to Plaintiff.

28     **D.  Possible "Strike"**

1  Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

2  to file an amended complaint correcting the deficiencies identified in this Order, the

3  dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

4  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

5  judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

6  occasions, while incarcerated or detained in any facility, brought an action or appeal in a

7  court of the United States that was dismissed on the grounds that it is frivolous, malicious,

8  or fails to state a claim upon which relief may be granted, unless the prisoner is under

9  imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

10  **E.  Possible Dismissal**

11  Plaintiff is warned that failure to timely comply with every provision of this Order,

12  including these warnings, may result in dismissal of this action without further notice.  See

13  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an

14  action for failure to comply with any order of the Court).

15  **XII.  Pending Motion**

16  Attached to Plaintiff's Second Amended Complaint is a letter to the Court, wherein

17  Plaintiff seeks guidance from the Court as to how to present his claims.  The Court will

18  construe this letter as a Motion For Clarification and the Clerk of the Court will be directed

19  to docket it as such.  The Court provided clear directives in its previous order (Doc. #141)

20  on the applicable rules of civil procedure as well as the local rules of practice.  Plaintiff need

21  not have access to the law library or case law to file a Complaint with this Court.  In this

22  order, the Court has provided Plaintiff with the applicable rules and case law to proceed with

23  his claims.  His failure to comply with the directives in this order will result in the dismissal

24  of this action for failure to state a claim.  The Court will deny Plaintiff's Motion for

25  Clarification as moot. Plaintiff is again advised that the Court will not allow further motions

26  practice in this action until he has filed a Third Amended Complaint.

27  *///*

28  *///*

**IT IS ORDERED:**

(1) That Plaintiff's Motion For Clarification is denied as moot;

(2)  The Second Amended Complaint (Doc. #147 ) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file an amended complaint in compliance with this Order.

(3)  If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(4)  The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 3rd day of October, 2006.

Mary H. Murguia
United States District Judge

**INFORMATION AND INSTRUCTIONS FOR A**
**PRISONER FILING CIVIL RIGHTS COMPLAINT**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

**I.  General Information About the Civil Rights Complaint Form:**

A.  <u>The Form</u>.  The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B.  Your Signature.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  The Filing Fee.  You must pay the $350.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  Court Divisions.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court.  See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $350.00 filing fee or the application to proceed *in forma pauperis* to:

Phoenix & Prescott Divisions:            **OR**            Tucson Division:

U.S. District Court Clerk                                    U.S. District Court Clerk
U.S. Courthouse, Suite 321                                U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                405 West Congress Street
Phoenix, Arizona  85003-2119                          Tucson, Arizona  85701-5010

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this __ day of___(month)___, (year) , to:
Name:  _____
Address:_____
          Attorney for Defendant(s)/Respondent(s)


_____
(Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the amended complaint are considered dismissed.

J.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

1.  Your Name.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2.  Defendants.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Plaintiff.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three

counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

   1.  <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

   2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

   3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

   4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

   5.  <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
   Print the relief you are seeking in the space provided.

**SIGNATURE:**
   You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

**FINAL NOTE**

   You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ , )
(Full Name of Plaintiff)          )
                          Plaintiff, )
                                   )
vs.                                )   **CASE NO.** _____
                                   )        (To be supplied by the Clerk)
_____ , )
                                   )
_____ , )
                                   )   **CIVIL RIGHTS COMPLAINT**
_____ , )   **BY A PRISONER**
                                   )
_____ , )   ☐ Original Complaint
(Full Name of Each Defendant)      )   ☐ First Amended Complaint
                       Defendant(s). )   ☐ Second Amended Complaint
_____ )

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    a.  ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
    b.  ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    c.  ☐ Other:  (Please specify.) _____.

2.  Name of Plaintiff: _____.
    Present mailing address: _____.
    **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: _____.

Revised 4/9/06                                    1

**550/555**

3. Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
<span style="font-size:small">(Position and Title)</span>                                                        <span style="font-size:small">(Institution)</span>

The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: _____
_____.

4. Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
<span style="font-size:small">(Position and Title)</span>                                                        <span style="font-size:small">(Institution)</span>

The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: _____
_____.

5. Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
<span style="font-size:small">(Position and Title)</span>                                                        <span style="font-size:small">(Institution)</span>

The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: _____
_____.

6. Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
<span style="font-size:small">(Position and Title)</span>                                                        <span style="font-size:small">(Institution)</span>

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2. If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the
spaces provided below.

3. First prior lawsuit:
   a.   Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

2

    b.   Court:  (If federal court, identify the district; if state court, identify the county.)  _____
_____.

    c.   Case or docket number:  _____.

    d.   Claims raised:  _____
_____
_____

    e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?)  _____
_____.

    f.   Approximate date lawsuit was filed:  _____.

    g.   Approximate date of disposition:  _____.

4.   Second prior lawsuit:

    a.   Parties to previous lawsuit:

        Plaintiff:  _____.

        Defendants:  _____
_____.

    b.   Court:  (If federal court, identify the district; if state court, identify the county.)  _____
_____.

    c.   Case or docket number:  _____.

    d.   Claims raised:  _____
_____
_____.

    e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?)  _____
_____.

    f.   Approximate date lawsuit was filed:  _____.

    g.   Approximate date of disposition:  _____.

5.   Third prior lawsuit:

    a.   Parties to previous lawsuit:

        Plaintiff:  _____.

        Defendants:  _____
_____.

    b.   Court:  (If federal court, identify the district; if state court, identify the county.)  _____
_____.

    c.   Case or docket number:  _____.

    d.   Claims raised:  _____
_____
_____.

    e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?)  _____
_____.

    f.   Approximate date lawsuit was filed:  _____.

    g.   Approximate date of disposition:  _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C.  CAUSE OF ACTION

## COUNT I

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.    Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
      in a different count)          ☐ Mail          ☐ Access to the court          ☐ Medical care
      ☐ Disciplinary proceedings     ☐ Property       ☐ Exercise of religion        ☐ Retaliation
      ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.    **Administrative Remedies:**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
            your institution?                                                           ☐ Yes   ☐ No
      b.    Did you submit a request for administrative relief on Count I?               ☐ Yes   ☐ No
      c.    Did you appeal your request for relief on Count I to the highest level?      ☐ Yes   ☐ No
      d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
            why you did not.  _____
            _____.

## COUNT II

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)        ☐ Mail            ☐ Access to the court        ☐ Medical care
     ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion       ☐ Retaliation
     ☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                            ☐ Yes   ☐ No
     b.   Did you submit a request for administrative relief on Count II?               ☐ Yes   ☐ No
     c.   Did you appeal your request for relief on Count II to the highest level?      ☐ Yes   ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not. _____
          _____.

5

**COUNT III**

1.     The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.     Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)              ☐ Mail              ☐ Access to the court           ☐ Medical care
☐ Disciplinary proceedings      ☐ Property          ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3.     **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.     **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.     **Administrative Remedies:**
a.     Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?                                                                      ☐ Yes    ☐ No
b.     Did you submit a request for administrative relief on Count III?               ☐ Yes    ☐ No
c.     Did you appeal your request for relief on Count III to the highest level?      ☐ Yes    ☐ No
d.     If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not. _____
_____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                      DATE                                SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.