**WO** TCK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernie Pete Ortega, | No. CV 05-2736-PHX-MHM (JCG) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

Plaintiff Ernie Pete Ortega, who is confined in the Maricopa County Jail in Phoenix, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. By order of the Court filed on October 5, 2006 (Doc. #147), the Amended Complaint was dismissed with leave to amend. On October 26, 2006, Plaintiff submitted a Third Amended Complaint (Doc. #151), which was dismissed with leave to amend (Doc. #156). On March 5, 2007, Plaintiff filed a Fourth Amended Complaint (Doc. #160). The Fourth Amended Complaint will be dismissed and the Clerk of the Court will be directed to enter judgment.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the

TERMPSREF

allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

## II.     **Failure to Comply With Court's Previous Orders**

Rule 41(b), Fed.R.Civ.P., provides that a court may dismiss Plaintiff's action, or part thereof, for "failure ... to prosecute or to comply with these rules or any order of court." Unless otherwise specified, the dismissal acts as an adjudication on the merits. Rule 41(b), Fed.R.Civ.P.

District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990); see also Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962). The Ninth Circuit allows imposition of dismissal under Rule 41(b) only after the district court has weighed the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 470 U.S. 829 (1986). Dismissal under Rule 41(b) will not be disturbed on appeal unless there is a "definite and firm conviction" that the district court committed clear error of judgment in weighing the relevant factors. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).

1  Here, the Thompson factors weigh in favor of dismissal.  First, Plaintiff has had more
2 than ample opportunity to bring this case to a disposition on the merits. Plaintiff was granted
3 four opportunities to amend his Complaint.  In his Fourth Amended Complaint, Plaintiff has
4 again failed to comply with the Court's orders.  In the Court's order dismissing the third
5 amended complaint with leave to amend (Doc. #156), Plaintiff was advised that Rule 3.4(a)
6 of the Local Rules of Practice, requires that all complaints by incarcerated persons shall be
7 signed and **legibly written** or typewritten on forms approved by the Court and in accordance
8 with the instructions provided with the forms (emphasis added).  Plaintiff was also advised
9 that Rule 7.1(b) requires that all pleadings shall be in a fixed-pitch type size no smaller than
10 (10) pitch or in a proportional font size no smaller than 13 point.

11  Plaintiff's Fourth Amended Complaint is again not in compliance with the Local Rules
12 of Practice.  The font size is so small that the Court is unable to decipher most of Plaintiff's
13 claims.  In its present form, Defendants would be unable to answer the Complaint in its
14 entirety.

15  Additionally, if Plaintiff had written his Complaint in compliance with the proper line-
16 spacing and font size, his Fourth Amended Complaint would exceed the 15 page limitation
17 for filing a complaint, as required by the Local Rules of Practice and the directions set forth
18 on the court-approved form.  Plaintiff was previously advised of these rules and again failed
19 to comply with the Court's order.

20  Moreover, the Court is again unable to determine the precise number and nature of
21 Plaintiff's claims in relation to each of the named Defendants.  Rule 8(a) of the Federal Rules
22 of Civil Procedure requires that a complaint contain "a short and plain statement of the claim
23 showing that the pleader is entitled to relief."  Rule 8(e)(1) of the Federal Rules of Civil
24 Procedure states that "[e]ach averment of a pleading shall be simple, concise, and direct."

25  Plaintiff's Fourth Amended Complaint fails to provide the required "short and plain
26 statement of the claim." Fed.R.Civ.P. 8(a).  It is not the responsibility of the Court to review
27 a lengthy narrative, and attachments to the Complaint and attempt to determine the number
28 and nature of Plaintiff's claims.  Plaintiff's statement of his claims is a narrative of events,

1  which does not appear to differentiate between factual allegations and alleged constitutional
2  violations. A complaint having the factual elements of a cause of action present but scattered
3  throughout the Complaint and not organized into a "short and plain statement of the claim"
4  may be dismissed for failure to satisfy Rule 8(a) of the Federal Rules of Civil Procedure.
5  Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); McHenry v. Renne, 84
6  F.3d 1172 (9th Cir. 1996).

7  Second, the Court's need to manage its docket is best served by dismissal of this
8  action. This case has been pending for over one and one-half years and Plaintiff has been
9  provided with four opportunities to cure the deficiencies of his Complaint. He has failed to
10 do so. When cases such as this one drag on without resolution, it is only logical that the
11 Court's docket becomes unmanageable. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th
12 Cir.) (public's interest in expeditious resolution of litigation and court's need to manage its
13 docket generally supports court's decision to dismiss), *cert. denied*, 506 U.S. 915 (1992).

14 Third, there does come a time when the Court must consider the rights and
15 entitlements of Defendants to finality, fairness, due process of law and the prompt resolution
16 of litigation. That time has come in this litigation.

17 Moreover, Rule 4(m) of the Federal Rules of Civil Procedure requires that service of
18 the summons and complaint be made on the defendant(s) within 120 days after the filing of
19 the complaint. Under Local Rule 2.12(b)(3)(B)(i) of the Rules of Practice of the United
20 States District Court for the District of Arizona, the deadline to effect service of process in
21 prisoner cases is extended to the "maximum date to effect service pursuant to Rule 4 of the
22 Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever
23 is later." If service is not made upon a defendant within these time frames, the Court, "upon
24 motion or on its own initiative after notice to the plaintiff, shall dismiss the action without
25 prejudice as to that defendant or direct that service be effected within a specified time." Fed.
26 R. Civ. P. 4(m). This case is well beyond the 120 day time frame of the filing of the
27 complaint due to the numerous extensions granted to Plaintiff.

28

1  The fourth factor, the public policy favoring disposition of cases on their merits, will rarely, if ever, support dismissal.  However, this case has been pending for over one and one-half years and Plaintiff has been provided with numerous opportunities to correct the deficiencies.  Plaintiff was clearly on notice of the Court's policy requiring compliance with its orders and with the Local Rules.  Plaintiff has had more than ample opportunity to bring this case to a disposition on the merits and has failed to do so.

Finally, the fifth dismissal factor, the availability of less drastic sanctions, weighs in favor of dismissal.  The Court "need not exhaust every sanction short of dismissal before finally dismissing a case."  Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986).  Indeed, the Ninth Circuit has held that warning the plaintiff of the possibility of dismissal before actually ordering dismissal meets this requirement.  See Ferdik, 963 F.2d at 1262 (concluding that warning of dismissal is sufficient to show that court considered less drastic alternatives); Malone, 833 F.2d at 132.  The Court explicitly warned Plaintiff that he faced dismissal of his case if he failed to comply with Court orders.

In sum, considering each of the above five factors, the Court finds that dismissal for failure to comply with Court orders is warranted.  Accordingly, the Clerk of the Court will be directed to dismiss this action pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure and enter judgment accordingly.

**IT IS ORDERED:** That the Clerk of the Court will be directed to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and enter judgment accordingly.

**IT IS FURTHER ORDERED:** That all pending motions are denied as moot.

**IT IS FURTHER ORDERED:** That the Clerk of Court must make an entry on the docket stating that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 22nd day of May, 2007.

_____
Mary H. Murguia
United States District Judge

TERMPSREF